IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TAMMY D. LEWIS, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | Civil Action No. 6:13-cv-00484 |
| v. | § § | Jury Demanded |
| MAXIMUS, INC., | § § § | |
| Defendant | § | |

**COMPLAINT**

Plaintiff Tammy D. Lewis, on behalf of herself and on behalf of all others similarly situated (these others being referred to herein as the "Class Members") complains of defendant Maximus, Inc., and for cause of action states:

Parties

1.  Plaintiff Tammy D. Lewis is a resident of Kaufman County, Texas. Lewis has given her written consent to be a party to this lawsuit, as evidenced by the consent form attached hereto as Exhibit A.

2.  Plaintiff and the Class Members are present and former employees of Maximus, Inc. who were classified as a "Workforce Analyst" or "Workforce Management Analyst" during the last three years, classified as exempt from the overtime requirements of the Fair Labor Standards Act, and who worked forty or more hours within at least one work week during the last three years.

3.  Defendant Maximus, Inc. ("Maximus") is a Virginia corporation with its principal place of business in Reston, Virginia. Maximus may be served with process in this case by

1

serving its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## Jurisdiction and Venue

4.      This is a cause of action for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.  This Court therefore has original jurisdiction of this case pursuant to 28 U.S.C. § 1331 because it is a case arising under the laws of the United States.  This Court also has both general and specific subject matter jurisdiction over Maximus because it regularly conducts business in the State of Texas and has purposefully availed itself of the benefits and protections of the laws of this State, and this lawsuit arises out of its business activities in the State of Texas.

5.      Venue is proper in this court because the events forming the basis of this lawsuit occurred primarily in Henderson County where Plaintiff was employed by Defendant.

## FLSA Coverage

6.      At all times relevant to this lawsuit, Maximus has been the "employer" of Plaintiff and the Class Members, as that term is defined in 29 U.S.C. § 203.  At all times relevant to this lawsuit, each plaintiff was an "employee" of the Defendant as that term is defined in 29 U.S.C. § 203.

7.      At all times relevant to this lawsuit, Maximus has been an "enterprise" as that term is defined in 29 U.S.C. § 203(r), and an "enterprise engaged in commerce" as that term us used in 29 U.S.C. § 203(s) because it has employees engaged in commerce, and its annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

8.      At all times relevant to this lawsuit, Plaintiff and the Class Members were "employees who were … engaged in commerce" as that term is used in 29 U.S.C. § 207.

Plaintiff and the Class Members used and handled office equipment, such as computers, printers, faxes, and telephones, that had previously traveled in interstate commerce, many of which were manufactured in whole or in part outside of the State of Texas and then transported across state lines. In the course and scope of their work for Maximus, Plaintiff and the Class Members received and used reports and data concerning telephone communications, including interstate calls, from one or more third-party vendors located outside the State of Texas, and their reports and data were then transmitted, often electronically by fax or internet, into the State of Texas for use by Plaintiffs and the Class Members.

Facts

9. Maximus operates health and human services programs throughout the country, primarily for state and local government agencies. This includes contracting with state governments to provide various public services, including assistance in delivery of Temporary Assistance for Needy Families, Medicare/Medicaid benefits, SNAP (the Supplemental Assistance Program, *i.e.* food stamps), and other government benefits and plans.

10. Maximus operates several call centers throughout the United States, including three in Texas. The employees who work in these call centers receive phone calls concerning various federal and state programs, such as food stamps and Medicaid, and the callers are usually persons receiving or seeking to receive benefits who call to discuss their eligibility or other issues related to the government benefits.

11. Lewis began working for Maximus on or about June 5, 2006 as an hourly employee, making about $10 per hour. Since then Lewis has received several promotions and raises. Lewis was promoted to "Workforce Analyst" in January 2008 with a salary of approximately $35,000 per year. In this position, and at all times within the three calendar years

prior to the filing of this lawsuit, Maximus has classified Lewis as an exempt employee.  Lewis believes that at some point in the last year or two her job title was changed to "Workforce Management Analyst," but her duties remained the same.

12.     The duties of a Workforce Analyst and a Workforce Management Analyst (referred to collectively herein as "Workforce Analyst") primarily related to the flow of phone calls that come in to the Maximus call centers.  Pursuant to its contracts with governmental agencies, Maximus must meet certain standards for things such as Average Speed of Answer (how long a caller is on hold in the IVR), abandonment rates (how many calls were not handled) and Average Handle Time.  A Workforce Analyst uses data collected by third-party vendors Cisco and CUIC to determine how many calls to forecast for the week, broken down per day and per hour during each day.  The forecast helps to determine what staffing is needed for scheduling employees to handle the expected volume of calls.  A job description for this position is attached as Exhibit B.

13.     For most if not all work weeks during the last three years, Lewis has worked more than forty hours.  During all of this time, however, she has been misclassified as an exempt employee and she has been paid straight salary regardless of the hours worked.  Lewis was not required to keep track of her time work or report her hours to the employer, but her immediate supervisor and others in positions above her knew that she regularly worked more than forty hours per work week.  Based on a preliminary analysis of her overtime worked, Plaintiff estimates she had worked over 6,000 hours of overtime during the last three calendar years.

14.     Likewise, the other Class Members worked as Workforce Analysts and worked more than forty hours in one or more work weeks during the last three years, and with knowledge of this fact Maximus has failed to pay overtime as required by the FLSA.

15. In February 2013, Lewis received a call from Timothy C. Lamkin, whose title is Director – Call Center. He had Lewis put him on speakerphone with the three Workforce Analysts she worked the most closely with, which were Mary R. Holt, Lovera A. Wragg, and Rebecca Martin. Lamkin told them that they and all other Workforce Analysts company-wide had been misclassified as exempt. Lamkin said Lewis and her three co-workers would be reclassified as non-exempt. Lamkin directed Lewis and her three co-workers to calculate how much overtime they had worked during the last two years, and he said each would get a lump-sum check for those hours at time and one-half their regular rate of pay.

16. Lewis did the best she could in the time allowed to review records available to her, and she sent her estimate to the Human Capital department as directed by Lamkin. Lewis estimated she had worked 4,293 overtime hours during the preceding two calendar years. She estimated that if her salary were converted to an hourly rate based on a 40-hour workweek, the unpaid overtime due was in excess of $120,000.00.

17. Lewis believes her three co-workers were subsequently paid and reclassified, but after learning how much overtime Lewis had accrued, she was told the company would be keeping her in an exempt classification, and she was offered a "bonus" in an amount far less than what she was owed for two years of overtime.

18. Lewis and all other Workforce Analysts who were misclassified as exempt were all victims of a single decision, policy, or plan – specifically, the decision to classify the Workforce Analyst position as exempt even though the persons in this position supervise no other employees and do not meet the criteria for any of the exemptions under the FLSA. Lewis believes that company-wide, there are dozens if not hundreds of other persons who have been

Workforce Analysts during the three years prior to filing this lawsuit, and many if not all of these persons have worked more than forty hours in at least one work week during the last three years.

19. Maximus has knowingly, willingly, and with reckless disregard carried out its illegal pattern and practice of paying the Workforce Analysts as exempt, thereby violating the company's obligations to pay them overtime as required by the FLSA.

Cause of Action - Violation of the Fair Labor Standards Act

20. Unless an employee is properly classified as exempt, an employer must an employee who works more than forty hours a week one and one-half times their regular pay rate for each hour of overtime. 29 U.S.C. § 207(a)(1).

21. Based on her duties, the position (or positions, if more than one) Lewis has worked in during the last three years is not exempt.  Lewis worked more than forty hours for most, if not all, work weeks during the last three years, but Maximus has never paid her one and one-half times her regular pay rate for any of the overtime hours worked.  Maximus has therefore violated the FLSA, and Lewis is hereby exercising her right to file a civil action to collect the full amount of her unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus a reasonable attorney's fee to be paid by the defendant, and costs of the action.

22. Likewise, each of the other Class Members was misclassified as an exempt employee.  Each Class Member worked more than forty hours during one or more workweeks during the last three years, but Maximus has never paid the Class Members one and one-half times their regular pay rate for any of the overtime hours worked.  Maximus has therefore violated the FLSA, and Lewis is hereby exercising her right to file a civil action on their behalf to collect the full amount of their unpaid overtime compensation, plus an additional equal

amount as liquidated damages, plus a reasonable attorney's fee to be paid by the defendant, and costs of the action.

## Jury Demand

23.     Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff requests judgment against Maximus and in favor of Plaintiff and each Class Member awarding each such person: the full amount unpaid overtime compensation due to them plaintiff; an additional equal amount as liquidated damages; a reasonable attorney's fee to be paid by the Defendant; costs of the action; pre-judgment and post-judgment interest at the highest rates allowed by applicable law; plus all other relief to which they may show themselves to be justly entitled.

Respectfully submitted,

/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Donald E. Uloth, P.C.
15150 Preston Road, Suite 300
Dallas, Texas 75248
Phone: (972) 763-2427
Fax: (866) 462-6179
don.uloth@uloth.pro
Counsel for Plaintiff